Debtor ____Charles Joslyn Ziff_____   Case Number ____18-05872-JW_____

| Fill in this information to identify your case: |
|---|
| Debtor 1  CHARLES JOSLYN ZIFF |
| Last four digits of social security number: 2362 |
| 1871 Ashley River Road, #3101 |
| Charleston, SC 29407 |
| United States Bankruptcy Court for the : District of South Carolina |
| Case number ____18-05872-JW_____ |

____ Check if this is a modified plan, and list below the sections of the plan that have been changed.

____ Pre-confirmation modification

____ Post-confirmation modification

_____

_____

## District of South Carolina

# Chapter 13 Plan                                                                12/17

## Part 1: Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, this Court's local rules, and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. Failure to object may constitute an implied acceptance of and consent to the relief requested in this document.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, pursuant to Federal Rule of Bankruptcy Procedure 3002, you must file a timely proof of claim in order to be paid under any plan. Confirmation of this plan does not bar a party in interest from objecting to a claim.

The following matters may be of particular importance. ***Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.***

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ____ Included | ✓ Not included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 | ✓ Included | ____ Not included |
| 1.3 | Nonstandard provisions, set out in Part 8 | ✓ Included | ____ Not included |
| 1.4 | Conduit Mortgage Payments: ongoing mortgage payments made by the trustee through plan, set out in Section 3.1(c) and in Part 8 | ____ Included | ✓ Not included |

## Part 2: Plan Payments and Length of Plan

2.1    The debtor submits to the supervision and control of the trustee all or such portion of future earnings or other future income as is necessary for the execution of the plan.

Unless all allowed claims (other than long-term claims) are fully paid pursuant to the plan, the debtor will make regular payments to the trustee as follows:

$ 720  per month for sixty (60) months

The debtor and trustee may stipulate to a higher payment in order to provide adequate funding of the plan without the necessity of a modification to the plan. The stipulation is effective upon filing with the Court.

Additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

Debtor __Charles Joslyn Ziff__    Case Number __18-05872-JW__

**2.2**  Regular payments to the trustee will be made from future income in the following manner:

  ___  The debtor will make payments pursuant to a payroll deduction order.
  ___  The debtor will make payments directly to the trustee.
  ✓    Other (specify method of payment ): tfsbillpay.com

**2.3**  **Income tax refunds.**

  ✓    The debtor will retain any income tax refunds received during the plan term.
  ___  The debtor will treat income tax refunds as follows:_____

**2.4**  **Additional payments.**

  ✓    **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

## Part 3: Treatment of Secured Claims

To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation and filed in compliance with Official Rules and Forms, must be filed with the Court. For purposes of plan distribution, a claim shall be treated as provided for in a confirmed plan. However, if a claim is treated as secured in a confirmed plan and the affected creditor elects to file an unsecured claim, such claim, unless timely amended, shall be treated as unsecured for purposes of plan distribution.   Any creditor holding a claim secured by property that is removed from the protection of the automatic stay by order, surrender, or through operation of the plan will receive no further distribution from the chapter 13 trustee on account of any secured claim. This provision also applies to creditors who may claim an interest in, or lien on, property that is removed from the protection of the automatic stay by another lienholder or released to another lienholder, unless the Court orders otherwise, but does not apply if the sole reason for its application arises under 11 U.S.C. § 362(c)(3) or (c)(4). Any funds that would have otherwise been paid to a creditor, but pursuant to these provisions will not be paid, will be distributed according to the remaining terms of the plan.  Any creditor affected by these provisions and who has filed a timely proof of claim may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the removal of the property from the protection of the automatic stay.  Secured creditors that will be paid directly by the debtor may continue sending standard payment and escrow notices, payment coupons, or inquiries about insurance, and such action will not be considered a violation of the automatic stay.

**3.1**  **Maintenance of payments and cure or waiver of default, if any.**

  *Check all that apply.  Only relevant sections need to be reproduced.*
  ✓    **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.2 Request for valuation of security and modification of undersecured claims.**

  ✓  **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
  ***The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.***

**3.3**  **Other secured claims excluded from 11 U.S.C. § 506 and not otherwise addressed herein.**

  ___ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

  ✓  The claims listed below are being paid in full without valuation or lien avoidance.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor, as specified below. Holders of secured claims shall retain liens to the extent provided by 11 U.S.C. § 1325(a)(5)(B)(i).  Secured creditors paid the full secured claim provided for by this plan shall satisfy any liens within a reasonable time.

| Name of creditor | Collateral | Estimated amount of claim | Interest rate | Estimated monthly payment to creditor | Disbursed by: |
|---|---|---|---|---|---|
| Southeast Toyota Finance | 2016 Toyota Avalon Hybrid | $28,830 | 6.0% | $560 (or more) | Trustee |

Debtor _____Charles Joslyn Ziff_____     Case Number _____18-05872-JW_____

### 3.4 Lien avoidance.

___ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*
***The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.***

_✓_ The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the Court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5.1 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). *If more than one lien is to be avoided, provide the information separately for each lien.*

| Name of creditor and description of property securing lien | Estimated amount of lien | Total of all senior/unavoidable liens | Applicable Exemption and Code Section | Value of Debtor's interest in property | Amount of lien Not avoided (To be paid in 3.2 above) | Amount of lien avoided |
|---|---|---|---|---|---|---|
| One Main Financial-household goods | $9826 | $0 | $1800 - S.C. Code Ann. § 15-41-30(A)(3) | $1800 | $0 | $9826 |

### 3.5 Surrender of collateral.

___ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

_✓_ The debtor elects to surrender the collateral that secures the claim of the creditor listed below. The debtor requests that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. A copy of this plan must be served on all co-debtors. Any creditor who has filed a timely proof of claim may file an amended proof of claim itemizing the deficiency resulting from the disposition of the collateral within a reasonable time after the surrender of the property. Any such amended claim, if allowed, will be treated in Part 5.1 below.

| Name of creditor | Collateral |
|---|---|
| Regions Mortgage | Real property located at 418 Edisto Ave Columbia, SC 29205 |

## Part 4:   Treatment of Fees and Priority Claims

### 4.1 General

The debtor shall pay all post-petition priority obligations, including but not limited to taxes and post-petition domestic support, and pay regular payments on assumed executory contracts or leases, directly to the holder of the claim as the obligations come due, unless otherwise ordered by the Court. Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

### 4.2 Trustee's fees

Trustee's fees are governed by statute and may change during the course of the case.

### 4.3 Attorney's fees

a. The debtor and the debtor's attorney have agreed to an attorney's fee for the services identified in the Rule 2016(b) disclosure statement filed in this case. Fees entitled to be paid through the plan and any supplemental fees as approved by the Court shall be disbursed by the trustee as follows: Following confirmation of the plan and unless the Court orders otherwise, the trustee shall disburse a dollar amount consistent with the Judge's guidelines to the attorney from the initial disbursement. Thereafter, the balance of the attorney's compensation as allowed by the Court shall be paid, to the extent then due, with all funds remaining each month after payment of trustee fees, allowed secured claims and pre-petition arrearages on domestic support obligations. In instances where an attorney assumes representation in a pending *pro se* case and a plan is confirmed, a separate order may be entered by the Court, without further notice, which allows for the payment of a portion of the attorney's fees in advance of payments to creditors.

b. If, as an alternative to the above treatment, the debtor's attorney has received a retainer and cost advance and agreed to file fee applications for compensation and expenses in this case pursuant to 11 U.S.C. § 330, the retainer and cost advance shall be held in trust until fees and expense reimbursements are approved by the Court. Prior to the filing of this case, the attorney has received $_____ and for plan confirmation purposes only, the fees and expenses of counsel are estimated at $_____ or less.

Debtor _____Charles Joslyn Ziff_____    Case Number _____18-05872-JW_____

**4.4 Priority claims other than attorney's fees and those treated in § 4.5.**

__✓__ The debtor is unaware of any priority claims at this time. If funds are available, the trustee is authorized to pay on any allowed priority claim without further amendment of the plan.

___ **Domestic Support Claims.** 11 U.S.C. § 507(a)(1):

    a.    Pre-petition arrearages. The trustee shall pay the pre-petition domestic support obligation arrearage to (name of DSO recipient), at the rate of $_____ or more per month until the balance, without interest, is paid in full. *Add additional creditors as needed.*

    b.    The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. § 101(14A) on a timely basis directly to the creditor.

    c.    Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect those obligations from property that is not property of the estate or with respect to the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation under a judicial or administrative order or a statute.

___ **Other Priority debt.** The trustee shall pay all remaining pre-petition 11 U.S.C. § 507 priority claims on a *pro rata* basis. If funds are available, the trustee is authorized to pay on any allowed priority claim without further amendment of the plan.

**4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**
__✓__ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

### Part 5: Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.** *Check one.*
Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata by the trustee to the extent that funds are available after payment of all other allowed claims.

__✓__ The debtor estimates payments of less than 100% of claims.
___ The debtor proposes payment of 100% of claims.
___ The debtor proposes payment of 100% of claims plus interest at the rate of ___%.

**5.2    Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

__✓__ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3    Other separately classified nonpriority unsecured claims.** *Check one.*

__✓__ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

### Part 6: Executory Contracts and Unexpired Leases

**6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

__✓__ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

### Part 7: Vesting of Property of the Estate

**7.1 Property of the estate will vest in the debtor as stated below:**

__✓__ Upon confirmation of the plan, property of the estate will remain property of the estate, but possession of property of the estate shall remain with the debtor. The chapter 13 trustee shall have no responsibility regarding the use or maintenance of property of the estate. The debtor is responsible for protecting the estate from any liability resulting from operation of a business by the debtor. Nothing in the plan is intended to waive or affect adversely any rights of the debtor, the trustee, or party with respect to any causes of action owned by the debtor.

Debtor ___ Charles Joslyn Ziff ___                           Case Number ___ 18-05872-JW ___

___ **Other.** The debtor is proposing a non-standard provision for vesting, which is set forth in section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a proposal for vesting is provided in Section 8.1.

## Part 8: Nonstandard Plan Provisions

**8.1    Check "None" or List Nonstandard Plan Provisions**

___ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in this form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

***The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.***

*(a)    Debtor's Statement in Support of Confirmation:*

*The debtors, by their signatures below, hereby state that they understand the following:*

*(1) The obligations set forth in the plan, including the amount, method, and timing of payments made to the trustee or directly to creditors;*

*(2) The consequences of any default under the plan, including the direct payments to creditors; and*

*(3) That debtor(s) may not agree to sell or sell property, employ professionals, or incur debt (including modification of debt) during the term of the plan without the advance authorization of the Bankruptcy Court.*

*( b)    Reservation of Rights*

*Confirmation of this plan does not bar a party in interest from any actions discovered from the documentation, or lack thereof, in a proof of claim. The debtor specifically reserves any currently undiscovered or future claims, rights or causes of action the debtor may have, regarding any issues not specifically addressed or determined by the plan, against any creditor or other party in interest including, but not limited to, violations of applicable consumer protections codes and actions under 11 U.S.C. §§ 542, 543, 544, 547 and 548.*

*(c)    The confirmation of this plan may determine the character (secured, unsecured or priority), amount and timing of distribution of a creditor's claim regardless of the proof of claim filed. If a creditor objects to a claim's treatment under the plan, the creditor must timely object to confirmation.*

*(d)    Part 1 of this chapter 13 form plan indicates that all objections to the confirmation of the plan must be filed no later than 7 days before the date set for the hearing on confirmation, unless otherwise ordered. In Operating Order 18-04, Judge Waites has otherwise ordered that all objections to the confirmation of a chapter 13 plan in cases before him shall be filed with the Court no later than 21 days after the date of service of the plan.* <u>***Therefore, all objections to the confirmation of this chapter 13 plan must be filed with the Court no later than 21 days after the date of service of this plan.***</u>

## Part 9: Signature(s)

**9.1 Signatures of the debtor and the debtor's attorney.**   *The debtor and the attorney for the debtor, if any, must sign below.*

X  /s/ Charles Joslyn Ziff                          Executed on ___ November 26, 2018 ___
    Charles Joslyn Ziff

X ___ /s/ R. Michael Drose ___                      Date ___ November 26, 2018 ___
    R. Michael Drose DCID#609
    Drose Law Firm
    3955 Faber Place Drive, Suite 103
    Charleston, SC 29405
    843-767-8888; 843-620-1035 fax
    drose@droselaw.com

**By filing this document, the debtor, if not represented by an attorney, or the debtor and the attorney for the debtor certify(ies) that this Chapter 13 plan contains no nonstandard provision other than those set out in Part 8.**

UNITED STATES BANKRUPTCY COURT

DISTRICT OF SOUTH CAROLINA

IN RE:

CHARLES JOSLYN ZIFF

Last four digits of social security #:2362

1871 Ashley River Road, #3101

Charleston, SC 29407

Debtor.

CASE NO: **18-05872-JW**

CHAPTER 13

## NOTICE OF OPPORTUNITY TO OBJECT

The debtor in the above captioned case filed a chapter 13 plan on November 26, 2018. The plan is attached.

**Your rights may be affected by the plan. You should read the plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

Any objection to confirmation of the chapter 13 plan must be in writing and filed with the Court at 1100 Laurel Street, Columbia, SC 29201-2423 and served on the chapter 13 trustee, the debtor, and any attorney for the debtor no later than 21 days after the service of the chapter 13 plan, as computed under Fed. R. Bankr. P. 9006(a). Objections to confirmation may be overruled if filed late or the objecting party fails to appear and prosecute the objection. If no objection is timely filed, the plan may be confirmed by the Court without further notice.

If you file an objection, you or your attorney must attend the hearing scheduled by the court on confirmation of the plan. Notice of the confirmation hearing is provided in section 9 of the Notice of Chapter 13 Bankruptcy Case. However, the Court may set an earlier status hearing on any objection upon notice to the applicable parties.

If you or your attorney do not take these steps, the court may determine that you do not oppose the terms or relief sought in the plan and may enter an order confirming the plan.

Date:   November 26, 2018

/s/ R. Michael Drose

R. Michael Drose, District Court I.D. #609

Drose Law Firm

Attorneys for the Debtor

3955 Faber Place Dr., Ste. 103

Charleston, SC 29405

843-767-8888; 843-620-1035 fax

drose@droselaw.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

IN RE:

CHARLES JOSLYN ZIFF
Last four digits of social security #:2362
1871 Ashley River Road, #3101
Charleston, SC 29407

Debtor.

CASE NO: 18-05872-JW

CHAPTER 13

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Notice, Plan and Motions was served on all creditors and parties in interest entitled to such notice on the below stated date. The specific list of the names and addresses of parties served with the plan is attached to the plan filed with the Court.

**VIA US MAIL**

(see attached list)

**ELECTRONICALLY**

James M. Wyman, Chapter 13 Trustee


Date: November 26, 2018            BY:  /s/ Ashlee Jack
                                        Ashlee Jack
                                        Office Personnel
                                        Drose Law Firm
                                        3955 Faber Place Drive, Suite 103
                                        Charleston, SC 29405
                                        Phone:  843-767-8888
                                        Fax:  843-620-1035
                                        drose@droselaw.com

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0420-2<br>Case 18-05872-jw<br>District of South Carolina<br>Charleston<br>Mon Nov 26 11:42:04 EST 2018 | Amazon Prime Store Card/Synchrony Bank<br>PO Box 960013<br>Orlando FL 32896-0013 | American Express<br>PO Box 981535<br>El Paso TX 79998-1535 |
| Avant Loan<br>222 N LaSalle Street Suite 1700<br>Chicago IL 60601-1101 | (p)BANK OF AMERICA<br>PO BOX 982238<br>EL PASO TX 79998-2238 | Capital One<br>PO Box 30285<br>Salt Lake City UT 84130-0285 |
| Charleston County Tax Collector<br>c/o Chas Co Bankruptcy Dept<br>4045 Bridge View Dr<br>N Charleston SC 29405-7464 | Credit One Bank<br>PO Box 98873<br>Las Vegas NV 89193-8873 | (p)DISCOVER FINANCIAL SERVICES LLC<br>PO BOX 3025<br>NEW ALBANY OH 43054-3025 |
| R. Michael Drose<br>3955 Faber Place Drive<br>Suite 103<br>North Charleston, SC 29405-8565 | Fortiva<br>PO Box 105555<br>Atlanta GA 30348-5555 | Mercury Card Services<br>PO Box 84064<br>Columbus GA 31908-4064 |
| Merrick Bank<br>PO Box 9201<br>Old Bethpage NY 11804-9001 | Net Credit<br>175 W. Jackson Blvd<br>Suite 100<br>Chicago IL 60604-2615 | One Main Financial<br>1836 Ashley River Road<br>Ste K<br>Charleston SC 29407-4781 |
| Regions Mortgage<br>PO Box 18001<br>Hattiesburg MS 39404-8001 | SC Department of Revenue<br>PO Box 12265<br>Columbia SC 29211-2265 | Southeast Toyota Finance<br>Attn Bankruptcy Department<br>PO Box 991817<br>Mobile AL 36691-8817 |
| US Trustee's Office<br>Strom Thurmond Federal Building<br>1835 Assembly Street<br>Suite 953<br>Columbia, SC 29201-2448 | Wells Fargo<br>PO Box 51193<br>Los Angeles CA 90051-5493 | James M. Wyman<br>PO Box 997<br>Mount Pleasant, SC 29465-0997 |
| Charles Joslyn Ziff<br>1871 Ashley River Road #3101<br>Charleston, SC 29407-8720 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Bank of America<br>PO Box 982234<br>El Paso TX 79998 | Discover Financial<br>PO Box 30943<br>Salt Lake City UT 84130 | End of Label Matrix<br>Mailable recipients    21<br>Bypassed recipients     0<br>Total                  21 |